UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT J. McCULLOCK, ) | 1:09-CV-01072 GSA HC |
| ) | |
| Petitioner, ) | ORDER DISMISSING PETITION FOR WRIT |
| ) | OF HABEAS CORPUS |
| v. ) | |
| ) | ORDER DIRECTING CLERK OF COURT |
| ) | TO ENTER JUDGMENT AND CLOSE CASE |
| MATTHEW L. CATE, Secretary, et al., ) | |
| ) | ORDER DIRECTING CLERK OF COURT |
| Respondents. ) | TO FORWARD FORMS TO PETITIONER |
| ) | FOR FILING CIVIL RIGHTS ACTION |

On June 18, 2009, Petitioner filed a petition for writ of habeas corpus in this Court. Petitioner has returned his consent/decline form indicating consent to Magistrate Judge jurisdiction.

**DISCUSSION**

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must dismiss a petition "[i]f it plainly appears from the petition . . . that the petitioner is not entitled to relief." Rule 4 of the Rules Governing 2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir.1990). A federal court may only grant a petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution . . . ." 28 U.S.C. § 2254(a). A habeas corpus petition is the correct method for a prisoner to challenge the "legality or duration" of his confinement. Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991), *quoting*, Preiser v. Rodriguez, 411 U.S. 475, 485 (1973); Advisory Committee Notes

1  to Rule 1 of the Rules Governing Section 2254 Cases.   In contrast, a civil rights action pursuant to
2  42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of that confinement.
3  McCarthy v. Bronson, 500 U.S. 136, 141-42 (1991);  Preiser, 411 U.S. at 499; Badea, 931 F.2d at
4  574; Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.

5        In this case, Petitioner claims prison staff are denying him access to the law library.
6  Petitioner is challenging the conditions of his confinement, not the fact or duration of that
7  confinement.  Thus, Petitioner is not entitled to habeas corpus relief, and this petition must be
8  dismissed.  Should Petitioner wish to pursue his claims, Petitioner must do so by way of a civil rights
9  complaint pursuant to 42 U.S.C. § 1983.

10  **ORDER**

11        Accordingly, IT IS HEREBY ORDERED:
12        1) The petition for writ of habeas corpus is DISMISSED because the petition does not allege
13  grounds that would entitle Petitioner to habeas corpus relief.
14        2) The Clerk of Court is DIRECTED to enter judgment and close the case; and
15        3) The Clerk of Court is DIRECTED to send Petitioner the standard form for claims pursuant
16  to 42 U.S.C. § 1983.

18        IT IS SO ORDERED.
19        Dated:   **August 17, 2009**                **/s/ Gary S. Austin**
                                                              UNITED STATES MAGISTRATE JUDGE